KERNS et al. v. WARDEN et ux.

No. 11773—Opinion Filed Feb. 6, 1923.

Rehearing Denied March 13, 1923.

(Syllabus.)

1. **Homestead—Essentials of Rural Homestead.**

The essential thing to constitute a quantity of land a rural homestead within the homestead law is that it shall be occupied and cultivated as one piece or parcel of land, on some part of which is located the residence; or, if created prior to actual occupancy, that the intention of the owner to occupy it as a homestead shall be made manifest by such acts as amount to reasonably sufficient notice of that intention.

2. **Same.**

Where the head of a family owns but 130 acres of land and resides on a portion of it, such facts do not constitute the entire tract a homestead, whether it be in one tract or separate parcels; but only such part will be held to be a homestead as is intended by the owner as a part of his homestead and is used in connection with his place of residence for the comfort and sustenance of the family, and is occupied and cultivated in common, or such part as the owner evinces by overt acts an intention to immediately use as part of such homestead.

3. **Same—Question of Fact.**

The question as to whether a tract of land has been selected and impressed with the homestead character is a question of fact for the court or jury to determine under all the facts and circumstances of the particular case.

4. **Same—Demurrer to Evidence.**

Evidence examined, and held, to present a question of fact as to whether the land in controversy was impressed with the homestead character, and it was error for the court to sustain a demurrer to the evidence.

Error from District Court, Stephens County; Will Linn, Judge.

Action by L. M. Warden and Bulah Addison Warden against L. H. Kerns and W. B. Green, for recovery of land, and to cancel deed. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with directions.

P. D. Sullivan, C. M. Anderson, and Wilkinson & Saye, for plaintiffs in error.

J. W. Marshall, for defendants in error.

COCHRAN, J. Defendants in error filed this action for the recovery of 30 acres of land in Stephens county, and to cancel a deed by Bulah Warden to W. B. Green and conveyance of the mineral rights executed by Bulah Warden to L. H. Kerns. The parties will be referred to herein as plaintiffs and defendants as they appeared in the trial court. The tract in controversy was located in section 27, and it, together with a tract of 100 acres located in section 34, was a portion of the allotment of Bulah Warden, nee Landrum. The tract in section 27 cornered with the tract in section 34, and the two tracts were separated by a section line road. Bulah Landrum was married to L. M. Warden in 1915. In 1918, Bulah Warden executed the conveyance of the land in controversy, which is sought to be canceled by this action, and the husband, L. M. Warden, failed to join in such conveyance. Plaintiffs claim that the 30 acres in controversy was a part of their homestead and the conveyances executed by Bulah Warden, in which the husband did not join, were void. A jury was impaneled to try the case, and, after the introduction of testimony, the court sustained a demurrer to defendants' testimony, discharged the jury, and entered judgment for the plaintiffs.

The defendants have prosecuted this appeal and present for our consideration the action of the trial court in sustaining a demurrer to the defendants' testimony. The undisputed testimony shows that there was no house, barn, or other improvements on the 30 acres in controversy; that Bulah Warden was living with her father on the lands in section 34 at the time of her marriage to L. M. Warden; that the lands in both sections were being cultivated at that time by her father as her tenant; that no

house, barn, or other improvements were placed on the lands in section 27 at any time prior to the sale of such lands. There was also certain disputed testimony, viz., the plaintiff, L. M. Warden, testified that after he and Bulah were married, he helped Mr. Landrum gather the crop on the place that year; that in 1916 and 1917 he worked a portion of the land in sections 34 and 27, and a portion of the land was worked by Mr. Landrum; that in 1918 he did not begin a crop, but entered the army in the early part of the year, and was gone from that time until 1919; that he cultivated about one-half of the cultivated lands in section 27 in the years 1916 and 1917. The witnesses, Green and Angle, testified that Warden did not cultivate any portion of the land in section 27 in the years 1916 and 1917, or perform any other acts indicating its use as a homestead. The defendants introduced in evidence an affidavit made by Mrs. Warden at the time the conveyances were executed in which she stated that the 30 acres in controversy had never been used or occupied as part of the homestead and had never been claimed by them as a part of the homestead. Neither Mr. Landrum nor Mrs. Warden testified on this question in the trial of the case.

The question for our determination is whether this evidence of the defendants raised a sufficient question of fact to require the trial court to overrule the demurrer to the evidence. In considering this question, it is immaterial whether we consider the 130 acres of land, which were owned by Bulah Warden prior to the conveyances in controversy, as one tract or separate parcels. This court has heretofore held in the case of McCray v. Miller, 78 Okla. 16, 184 Pac. 781, that the fact of ownership alone by the head of a family of but one tract of land (not within the limits of a city, town, or village), consisting of not to exceed 160 acres, is not sufficient to impress the land with the homestead character where the owner does not reside thereon, never has, and has made no preparation or evinced any intention of so doing. Mr. Justice Rainey in the opinion defined a homestead as follows:

"The word has been many times defined, and it has been held that it has both a popular and a legal signification: that in its popular sense it signifies the place of the home, the residence of the family; and that it represents the dwelling house in which the family resides, with the usual, customary appurtenances, including the outbuildings of every kind necessary or convenient for family use, and the lands used for the purposes."

After citing numerous authorities, Mr. Justice Rainey concludes:

"We deem it unnecessary to elaborate, if indeed it is possible, upon the meaning of the word 'homestead' for we agree with the authorities which hold that it has both a popular and a legal signification; that its popular and legal meaning is the same, as hereinbefore defined; and that the word 'homestead' as employed in section 1, art. 12, of our Constitution, is to be taken and applied according to the common and popular understanding of its meaning, which is in accordance with the ordinary rule of construction. Therefore, it is our opinion that where, as in this case, the head of a family in this state is the owner of but one tract of land (not within the limits of any city, town, or village) consisting of not more than 160 acres, the fact of ownership alone is not sufficient to impress the land with the homestead character where said owner does not reside thereon, never has, and has made no preparation or evinced any intention of so doing."

In the same case, in discussing the following proviso, to wit:

"That any temporary renting of the homestead shall not change the character of the same where no other homestead has been acquired"

—he said:

"The language of this proviso clearly imports that the land claimed as a homestead must have been impressed with the homestead character, and that when so impressed any temporary renting thereof will not change such character when no other homestead has been acquired."

In McDonald et al. v. Miller et al., 77 Okla. 97, 186 Pac. 957, the question was presented as to whether 40 acres of land was a part of the homestead where the parties lived on 33 acres in the same section and one-half mile from the 40 acres in controversy, and the plaintiffs had never resided upon the 40 acres. The court held that the question as to whether such land had been selected and impressed with the homestead character was a question of fact for the court and jury to determine under all the facts and circumstances in the case and quoted, with approval, from the case of Foley v. Holtkamp, 28 Tex. Civ. App. 123, 66 S. W. 891, as follows:

"A homestead may be created by intention prior to actual occupancy, when it appears that the owner is entitled to the exemption as the head of a family, and that this intention has been manifest by such acts as amount to reasonably sufficient notice of that intention; the purpose of the law being to require such open evidence of this intention as will prevent the use of this right as a shield for fraud."

In Brixius v. Reimringer et al. (Minn.) 112 N. W. 273, two separate ten-acre parcels of land, touching at the corners between which was a regular roadway, were involved and the court held:

"It is not material whether respondents acquired a legal highway between the two parcels. The essential thing to constitute a quantity of land within the homestead law is that it shall be occupied and cultivated as one piece or parcel of land, on some part of which is located the residence. This object is accomplished when two parcels touch at the corners, provided the essential conditions to constitute a homestead exists."

In Mullins v. Baker (Ala.) 69 South. 516, the land in controversy had been occupied as a homestead prior to 1912, but early in that year he purchased a 20-acre tract one mile away and established his home there, and thereafter continued to rent the land in controversy and received a portion of the crop as rent. The court said:

"To be exempt, the premises must be occupied in good faith as a home, rather than as a source of income. The right of homestead is conferred to protect the roof that shelters and the land actually used in connection therewith for the comfort and sustenance of the family, and cannot be converted into a shield of investments in lands from which rents and profits are to be derived. Fuller v. American Supply Co., 185 Ala. 512, 64 South. 551."

The foregoing authorities clearly show that where the tract of land does not exceed 160 acres, the fact of ownership alone does not constitute it a homestead if he has never resided thereon and has made no preparation nor evinced any intention of so doing, and also that a rural homestead may consist of separate parcels of land, but in order to sustain the homestead claim such parcels must be used in connection with each other for the support and sustenance of the family, the owner living upon one but cultivating or otherwise using both in common as a homestead.

Even though the 130 acres owned by Bulah Warden should be considered as one tract, the fact that the owner resided on one portion thereof is not sufficient to constitute the entire tract a homestead. In other words, under the provisions of the Oklahoma Constitution and statute as construed by this court, the homestead character of the land is not determined by whether the land claimed is in one tract; but, in order to constitute any portion of such tract a homestead, two requisites must concur as to such portion: (1) The owner must intend the property as a part of his homestead, and (2) he must in some way use it as such. Where the land owned does not exceed 160 acres, and a portion thereof is not used in any way as a homestead, and where the owner does not evince by overt acts an intention to immediately use the same as such, such portion of the 160 acres will not be considered a part of the homestead. As to whether such property is a homestead is a question of fact to be determined by the evidence.

In Ashton v. Ingle et al., 20 Kan. 670, the court said:

"As to use and occupation, it must be used as the homestead of the owner, and must be occupied by his family as a residence, or it will not be exempt. Any portion of his real estate not so used and so occupied will not be exempt, whatever may be the extent or value of such real estate, great or small. But the law however does not use the words 'homestead' and 'occupied' and 'residence' in any narrow or limited sense. The word 'homestead' does not include merely the dwelling-house, but it also embraces everything connected therewith which may be used and is used for the more perfect enjoyment of the home, such as out-houses for servants, for stock, or property, gardens, yards, and farming land to the extent of 160 acres, or land within the limits of an incorporated town or city to the extent of one acre. The word 'occupied' does not always require an actual occupancy, but it may sometimes permit a constructive occupancy. The word 'residence,' like the word 'homestead,' is not confined merely to the dwelling-house but it may also include everything connected therewith used to make the home more comfortable and enjoyable. But the words 'homestead' and 'residence' cannot be intended to include some other and indepedent family's home and residence. Where houses and lots are rented, for a money rent, to tenants, who are not servants or employes of the owner, with the intention that such houses and lots shall become the homes and residences of such tenants and their families, and they actually do become the homes and residences of such tenants and their families, the owner certainly cannot then claim that such houses and lots are a part of his own home and residence, although they may adjoin the same. In order that anything shall be a part of the homestead, it must not only be connected therewith as one piece of land is connected with another to which it adjoins, but it must also be used in connection therewith and as a part thereof."

To the same effect are the following: Andrews et al. v. Hagadon, 54 Tex. 571; Clausen v. Sanders et al. (La.) 34 South. 53; Mullins v. Baker (Ala.) 69 South. 516.

In Watson v. Manning, 56 Okla. 295, 156 Pac. 184, the second paragraph of the syllabus is, as follows:

"One who owns three adjoining lots, upon one of which is a building formerly occupied and used by him as a residence and store, who built and occupied as a residence a house on another of said lots, and for several years rented out the first building occupied by him as a home, which at the time that an execution is levied thereon is occupied as a home and store by his tenant, cannot successfully claim that said property so occupied by his tenant is a part of his homestead and exempt from levy and sale under execution."

In the body of the opinion, the court said:
"It is a condition precedent to entitle one to claim a homestead exemption that the property so claimed must be owned and occupied by the claimant as his homestead, or used in connection with his homestead. And the same must have been impressed with the character of a homestead; and no other homestead acquired, if the right to temporarily rent the homestead without changing the character of the same be invoked."

In the case at bar, we find that there was evidence tending to show that the 30 acres in controversy was never impressed with the homestead character, and it is our opinion that this question was one of fact and it was error for the trial court to sustain a demurrer to defendants' evidence. The judgment of the trial court is reversed, and cause remanded with directions to grant a new trial.

McNEILL, KENNAMER, NICHOLSON, and HARRISON, JJ., concur.

JOHNSON, V. C. J., and KANE and BRANSON, JJ., dissent.