## WILLIAMS, Sheriff, v. WATKINS.

No. 11867—Opinion Filed Sept. 25, 1923.

Rehearing Denied Oct. 30, 1923.

1. Homestead—Rural Homestead —Exemption of More Than One Tract—Requisites.

Where more than one tract or parcel of land is claimed as the homestead under section 1, article 12, of the Constitution, the proof must show actual occupancy or express intention to occupy one tract or parcel and facts and circumstances of using the other parcel or parcels or an intention to use the other parcel or parcels in connection with the occupied parcel in the interest and for the benefit of the family.

2. Same—"Selected by Owner."

The gist of the requirement under the Constitution to impress a homestead is in the word "selected." The act of selecting is, the constitutional condition; we may say the act of selecting is an act of choosing and presupposes an intention formed in the mind, based upon reason, to do or not to do a thing, and has for its object some definite result. The act of selecting as an attribute of the will might exist in the abstract, but for all practical purposes it is attended with the manifestations of intention, as spoken declarations, ownership, possession, occupancy, use in connection with the home place, etc., and where a contest arises over the claim of different parcels or tracts making up the homestead, the facts may be depended upon to reveal the intent of the selecting mind.

3. Same—Basis of Homestead Exemption.

The homestead and exemption laws of this state are made in the interest of the family.

They are family rights.

4. Same—Selection and Use of Additional Tracts.

Only one tract or parcel of land is capable of being actually occupied as a homestead; other tracts, under the Constitution and statutes of this state, either adjoining or separate and apart, may be selected and added as a part of the homestead, not to exceed in the aggregate 160 acres, if used in connection with the homestead and in the interest of the family of the homestead.

5. Same — Case — Exemption from Execution.

In the instant case W. brought suit against the sheriff of Johnston county to enjoin the sale of an 80-acre tract of land situated in said county, claimed to be a part of the homestead with an 80-acre tract situated in Carter county. The testimony showed that the plaintiff had selected the 80 acres in Johnston county to be a part of his homestead with the 80 acres in Carter county by enclosing it with a fence, building a dwelling house on it, occupying it with his family part of the time, farming it, and raising stock thereon and using it in general with the 80 acres in Carter county in making a living and adding to the comfort and well-being of his family. Judgment was for plaintiff. Held the facts sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Johnston County; J. H. Linebaugh, Judge:

Action by James Watkins against J. M. Williams, sheriff. Judgment for plaintiff, and defendant brings error. Affirmed.

E. D. Slough and T. G. Gibson, for plaintiff in error.

Brown & Williams, for defendant in error.

Opinion by THREADGILL, C. This is an appeal from a judgment in an injunction suit, and comes up from the district court of Johnston county, Okla. The plaintiff in error was defendant and the defendant in error was plaintiff in the trial court, and they will be called in this opinion as in the court below.

The facts were substantially as follows: The Guaranty State Bank of Ardmore obtained a judgment against James Watkins in Carter county, Okla., and an execution was issued on said judgment and placed in the hands of the sheriff of Johnston county for service, and the sheriff levied the execution on an 80-acre tract of land in said county, being: S. W. ¼ of N. E. ¼ of S. W. ¼, N. ½ of S. E. ¼ of S. W. ¼; S. W. ¼ of S. E. ¼ and S. W. ¼ of S. E. ¼ of S. E.

¼ sec, twp. 3 south, range 4 east, and advertised the same for sale to satisfy the said judgment. The plaintiff herein, James Watkins, brought suit in the district court of Johnston county against the sheriff to enjoin the sale of the said 80 acres of land, on the ground that he claimed this tract of land as a part of his homestead; the other part of his homestead being the W. ¼ of the N. E. ¼ of sec. 26, township 4 south, range 1 east, in Carter county. The defendant answered, admitting that he had levied an execution on the said tract of land described in the petition; admitting that the plaintiff was the owner of the 80 acres described in Carter county; admitting that plaintiff was married and the head of a family, and otherwise the answer was a general denial.

This cause was tried to the court on the 4th day of May, 1920, and in the trial the testimony showed that the plaintiff was a married man and the head of a family, and had his home on the 80-acre tract of land near Ardmore; and the plaintiff owned 390 in one body, in Johnston county, which he used as a stock farm, and the 80-acre tract in controversy was a part of this 390 acres and was made up of ten-acre units, all joined together, and the three ten-acre units projecting into the main body of the whole tract from the east. A stream of water ran down through the part projecting into the main body and extending through the part adjoining on the east. The plaintiff had this 80-acre tract under a separate inclosure and had built a dwelling house on it and often with his family occupied it, either as a matter of business in looking after the stock farm, or for pleasure, and used it with the 80 acres he lived on in Carter county in making a support for the family, and he claimed that he had selected it as a part of his homestead.

The court after hearing the testimony rendered judgment in favor of the plaintiff and enjoined the defendant, sheriff, from selling the land under the execution.

1. The facts in the case are undisputed and the question involved is a question of law.

This brings us to a consideration of the rural homestead provision of the Constitution, which reads as follows:

"The homestead of any family in this state, not within any city, town, or village, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner."

At the time our Constitution was framed, unusual conditions existed in the matter of dividing, owning, and occupying the lands of the various territories making up the state. In the western part the most of the lands were held under the homestead act of Congress and actual occupancy was necessary to obtain title. As this part of the territory was homesteaded, others desiring to purchase could not always easily buy a large tract in one body in any section or neighborhood, but many small tracts could be bought in one section or in different sections or neighborhoods.

In the eastern part of the state, we had allotted lands of the Five Civilized Tribes, and in dividing these lands among the members of the tribes the allotments were often broken into small tracts, spread far and wide, and when others desired to buy the lands subject to purchase in order to make homes, they could not easily get large tracts or even parcels of 80 or 160 acres in one body; and the population of the entire estate consisted, for the most part, of farmers of small financial means, and to meet all these conditions and to facilitate the Indian citizens and provide a liberal homestead exemption law this rural homestead provision was framed. Actual occupancy was certainly not made the sine qua non to claim the exemption provided for in the provision.

By referring to the history of the law governing homesteads in this state, we see that prior to 1905 the title of the homestead was required to be vested in the husband of the family, apparently to consist of one tract, containing as a whole 160 acres. After 1905, the title could have been lodged in either the husband or wife, to consist of one tract of 160 acres. But after the adoption of the Constitution, the homestead was to consist of 160 acres of one or more parcels to be selected by the owner. As we have advanced, we have made changes in this law, each of which changes, if carefully studied, has been a widening and placing of the law on a broader basis, which has been a great benefit and greater advantage to the parties seeking protection under this law than the preceding law or enactment relative to the same; the total acreage making up the homestead remained the same, with material changes as to who shall claim and how it shall be selected. The present and last enactment materially changed the preceding enactments in the following particulars: There may be more than one tract and these tracts could be selected by the owner, a privilege which, in our judgment, is of great benefit to the party claiming this right, which right may be asserted by the owner, husband or wife, and selected where the owner may desire—a constitutional priv-

ilege to be respected by all and at all times respected by the court. Herbert v. Wagg et al., 27 Okla. 675, 117 Pac. 209; Hedgpath v. Hudson et al., 61 Okla. 121, 160 Pac. 604; Elliott v. Bond, 72 Oklahoma, 176 Pac. 242.

2. The gist of the requirement under the Constitution to impress a homestead is in the word "selected:" The act of selecting is the constitutional condition. We may say the act of selecting is an act of choosing, and presupposes an intention formed in the mind, based upon reason, to do or not to do a thing, and has for its object some definite result. The act of selecting as an attribute of the will might exist in the abstract, but for all practical purposes it is attended with the manifestations of intention, as spoken declarations, ownership, possession, occupancy, use in connection with the home place, etc.; and where a contest arises over the claim of different parcels or tracts making up the homestead, the facts may be depended upon to reveal the intent of the selecting mind.

3. The homestead and the exemption laws of this state, as set out in section 1, article 12, of the Constitution, and sections 6595, 6597, of Compiled Statutes 1921, were made in the interest of the family. They are family rights. As said in Alton Mercantile Co. v. Spindel et al., 42 Okla. 210, 140 Pac. 1168:

"The homestead is for the benefit of the entire family, and such joint interest is to be regarded as paramount to the right of any individual member thereof."

4. The defendant contends from the fact that the plaintiff occupied the 80-acre tract in Carter county as his home, lived there with his family and voted there in elections and the law does not provide exemption but for one homestead, and from the fact the testimony shows he visited the tract of land in Johnston county, either for the pleasure of his family or to look after the crops of his hired help and his live stock, and did not occupy this tract of land or any part thereof in the same way he did the 80-acre tract in Carter county, he is precluded from claiming this tract exempt, under the Constitution and statutes of the state. If this contention were literally true, then that part of the constitutional provision as to separate tracts of land making up the homestead would be a nullity, because only one tract is capable of being occupied as a dwelling place and only one could be subject to the exemption, and this part of the constitutional provision would not mean what it says.

The question of the rural homestead law has been considered by this court in the case of McCray v. Miller, 78 Okla. 16, 186 Pac. 781, and there it was held that where the homestead consists of but one tract of land, ownership alone is not sufficient to impress the homestead character, and claim the exemption. There must be actual occupancy or an express intention to occupy, and, by implication, if there is more than one tract or several separate tracts making the 160 provided for in the constitutional provision, there must be an actual occupancy of one tract or an express intention to occupy one tract and an express intention to select and use the other tract or tracts in the interest of the homestead.

The question here involved has been more definitely discussed in the case of McDonald et al. v. Miller et al., 77 Okla. 97, 186 Pac. 957.

Justice McNeill prepared the opinion, in which it is stated:

"A rural homestead in this state may consist of 160 acres of land which may be in one or more parcels to be selected by the owner. As to what is necessary to constitute a selection or how a selection may be made or how separate parcels of land may be selected or designated as a homestead/ where the parties do not actually reside upon said land, is a question that is not regulated by statute. While the statute provides that the owner may select several parcels as his homestead, yet as to how said selection should be made or when the same should be made, the statute is silent, so each case must be governed to a certain extent by the facts in that particular case."

After citing the case of McCray v. Miller, supra, the learned Justice continued:

"This court has held that unoccupied lands may be designated or selected as a homestead. This rule is announced in the case of Illinois Life Insurance Company v .Rogers, 61 Okla. 43, 160 Pac. 56. The court in that opinion, quoting from the case of Foley v. Holtkamp, 28 Tex. Civ. App. 123, 66 S. W. 891, stated as follows:

" 'A homestead may be created by intention prior to actual occupancy, when it appears that the owner is entitled to the exemption as the head of the family, and that this intention has been manifest by such facts as amount to reasonably sufficient notice of that intention; the purpose of the law being to require such open evidence of this intention as will prevent the use of this right as a shield for fraud.'

"And, again, quoting from the case of Cameron v. Bebbard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832, stated as follows:

" 'The intention thus to appropriate the property shall not only be found in the mind of the party, but should be evidenced by some unmistakable acts, showing an intention to carry out such design, or some sufficient reason should be given why this intention was not demonstrated by such acts.' In this case this general rule is announced: 'From these decisions it is apparent that intention is almost the only thing that may not be dispensed with in some state of case; and it follows that this intention in good faith to occupy is the prime factor in securing the benefits of the exemption.' "

5. In this case, discussed by Justice McNeill, the tract of land in controversy was separate and apart from the tract the family lived on, and the testimony showed that the owner had never manifested by acts or words any intention of making and using this tract as a part of the homestead, but on the contrary had contracted to sell it, and the wife knew about it and neither party manifested any intention to make the said parcel of land a part of the homestead, and the trial court held against their claim in the suit and this court sustained the trial court, but the case at bar presents a different state of facts. The plaintiff had fenced the 80-acre tract and built a house upon it, hired the land cultivated, occupied it a part of the time every year with his family, and these facts, being undisputed, are sufficient to manifest an intention as well as an actual choice of this tract of land as a part of the constitutional and statutory homestead. Elliott v. Bond, 72 Oklahoma, 176 Pac. 242; Jaffrey v. Mc Gough, 88 Ala. 648, 7 South. 333; Sparks v. Day, 61 Ark. 570, 33 S. W. 1073; Kerns et al. v. Warren et ux., 88 Okla. 297, 213 Pac. 70.

The judgment of the court below is affirmed.

By the Court: It is so ordered.