## MOREY et al. v. JAMES.

No. 16743—Opinion Filed July 13, 1926.

1. **Homestead — Selection of Rural Homestead out of Excessive Acreage.**

Where the family residence is on a tract of land in excess of 160 acres owned by the husband, and he also owns additional land one and one-half miles from the tract on which the family resides, and all of such lands are used and cultivated for the benefit of the family, the homestead may be selected, by legal subdivisions, from any of such lands, contiguous or otherwise, but must include the family residence.

2. **Same — Time for Selection — Rights of Creditors.**

In such case the homestead may be selected by the owner, as exempt, at any time prior to levy, having due regard for the rights of judgment creditors.

3. **Same—Evidence of Selection Prior to Levy of Execution.**

Where the issue is whether the land is subject to sale under execution, or exempt as a part of the homestead of the family, evidence is admissible to show that prior to the levy the owner caused the judgment creditor and the officer levying the execution to be notified that the land was claimed as a part of the homestead, to be considered by the court or jury, together with all other evidence, in determining whether the land had been in good faith selected as a part of the homestead.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

On issues joined on motions of S. H. James, judgment creditor, to confirm sale of land, and of S. T. Morey and wife to vacate the sale, the sale was confirmed and

S. T. Morey and Adda R. Morey have appealed. Reversed.

D. P. Parker, for plaintiffs in error.

Mauntel & Spellman and Loofbourrow & Loofbourrow, for defendant in error.

Opinion by RAY, C. This appeal is from an order confirming a sheriff's sale under execution of a 40-acre tract of land owned by the judgment debtor, S. T. Morey. claimed by him and his wife, Adda R. Morey, as a part of their homestead and exempt from forced sale. There is no claim that the judgment was for the purchase money, taxes due, or for work or materials used in constructing improvements. At the conclusion of the evidence the court discharged the jury and confirmed the sale.

The vital question, as we view the law, arises upon the exclusion of the evidence tendered by the judgment debtor and his wife, to prove that prior to the levy they caused their attorney to notify the sheriff and the attorney for the judgment creditor that the particular land levied upon was claimed by them as a part of their homestead. There is no conflict of evidence.

In 1907 Morey bought 120 acres of land adjoining the town of May, together with two adjoining blocks in the town, all enclosed under one fence. He, with his family, established residence on the town property and farmed the adjoining land for a number of years until he platted, as an addition to the town of May, a portion of the land intervening between his residence and the 40-acre tract here involved. In 1920 Morey moved the house in which he and his family had been living, and other buildings in the town of May, to a 320-acre tract about one and one-half miles from May, for which he held a certificate of purchase from the School Land Department. He and his family established their residence on the 320-acre tract in 1920, and continued to reside there until the time of the trial. There was evidence that Morey had continuously farmed the 40-acre tract involved from the time he bought it in 1907, but had never at any time resided on it.

The improvements on the 40-acre tract, sold under execution, consisted of a combination granary and hog house, a well, an orchard, and vineyard. Mrs. Morey had planted a garden and some flowers the spring before the judgment was recovered. Morey and his wife testified that they claimed 120 acres of the land where they resided, particularly described by them, including their residence, and the 40 acres levied on, one and one-half miles from their residence, as their homestead. They testified that the improvements placed upon the 40 acres were made with the intention of establishing their residence thereon, and that they had at all times had such intention. There was no evidence that they had ever disclosed such intention to others, except the tendered proof that notice had been given to the sheriff and judgment creditor prior to the levy. Section 1, art. 12, of the Constitution provides:

"The homestead of any family in this state, not within any city, town, or village, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner."

Section 2 of the same article protects the homestead of the family, as defined in section 1, from forced sale for the payment of debts, except for the purchase money or a part of such purchase money, taxes due thereon, or for work and material used in constructing improvements thereon, with a proviso which permits a foreclosure sale under mortgage executed by both husband and wife. There is no contention that the case falls within either exception or the proviso.

The homestead, as defined in section 1, and protected from forced sale by section 2, is not required to be in one tract or composed of contiguous tracts. It may be in one or more parcels to be selected by the owner. The question arises, When may that selection be made? The established rule in this state is that exemption statutes will be liberally construed in favor of the exemption. Anderson v. Canaday. 37 Okla. 171, 131 Pac. 697; Phelan v. Lacey, 51 Okla. 393, 151 Pac. 1070; Hoyt v. Pullman, 51 Okla. 717, 152 Pac. 386: Field v. Goat, 70 Okla. 113, 173 Pac. 364; State ex rel. Langford v. Collins, 70 Okla. 323, 174 Pac. 568.

The word "homestead," as used in article 12 of the Constitution, means the "residence of the family—the place where the home is." McCray v. Miller, 78 Okla. 16, 184 Pac. 781; Kerns v. Warden, 88 Okla. 297, 213 Pac. 70.

It is conceded that Morey and his family never at any time actually resided on the tract of land in controversy, but the evidence is that he has at all times since establishing residence on the 320-acre tract farmed it in connection with the other land. The evidence does not show that it has ever been rented or cultivated by others. Having for about five years resided with his family

on a tract of land in excess of 160 acres, and cultivated and improved an additional 40 acres, he was entitled to select and occupy as the family homestead, not to exceed 160 acres, in one or more parcels, including the residence. It is obvious that it is not in contemplation of the law that a dwelling should be maintained on each parcel selected to afford the family protection from forced sale. In a number of cases this court has held that the homestead character may be impressed, prior to actual occupancy, by expressions of intentions by the owner to make it such, accompanied or followed by overt acts tending to prepare it for a reasonably delayed occupancy for his family. Foster v. Vickery, 111 Okla. 231, 239 Pac. 141.

The question as to whether a tract of land has been selected and impressed with the homestead character is a question for the court or jury to determine under all the facts and circumstances of the particular case. Orwig v. Cloud, 109 Okla. 299, 233 Pac. 1085.

In Elliott v. Bond, 72 Okla. 3, 176 Pac. 242, it was held that the selection may be made at any time the necessity for making such selection may arise, provided such selection includes the residence or home of the family, and is not manifestly made in disregard of the rights of others.

In Finerty v. First Nat. Bank, 92 Okla. 102, 218 Pac. 859, it was held that where a judgment lien has attached to the excess in quantity of that allowed for an urban homestead, the owner may select therefrom his homestead including the residence, having due regard for the rights of the judgment creditor.

Where a judgment debtor has more property of a certain class than is exempt by statute, and desires to claim his exemptions out of the whole, it is his duty to promptly inform the officer holding the process of the particular property selected and claimed as exempt from levy. Parsons v. Evans. 44 Okla. 751, 145 Pac. 1122.

In Williams v. Watkins, 93 Okla. 112, 219 Pac. 643, it was held that "the gist of the requirement under the Constitution to impress a homestead is in the word "selected." That is a correct statement of the law. The owner is entitled to make the selection within the limitations above stated. If the officer making the levy, or the judgment debtor, is entitled to make the selection of the particular property to be levied upon, then the owner is deprived of his constitu-

tional right to make the selection. The evidence offered to prove that the judgment creditor and the sheriff levying the writ were notified prior to the levy of Morey's claim that the land was a part of his homestead, should have been admitted and considered together with the other evidence for the purpose of determining whether he had in good faith selected the 40-acre tract as a part of his homestead prior to the levy.

For the reasons stated the judgment is reversed with directions to grant the plaintiffs in error a new trial.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 830 § 110; 13 R. C. L. p. 590. (2) 29 C. J. p. 970 §422. (3) 29 C. J. p.989 §461.