EXCHANGE NATIONAL BANK OF TULSA v. ROSE et ux.

No. 29353.   May 21, 1940.

Rehearing Denied June 25, 1940.

*103 P. 2d 496.*

Jos. L. Hull, Chas. E. Bush, and Jas. E. Bush, all of Tulsa, for plaintiff in error.

N. E. McNeill, of Tulsa, for defendants in error.

PER CURIAM. The sole issue involved in this appeal is whether, under the uncontroverted facts herein below detailed, a claim to a homestead exemption was properly sustained and a levy made thereon discharged.

The facts, as disclosed by the record, were substantially as follows: The defendants in error were husband and wife. The husband acquired title to a five-acre tract of cultivated but unimproved land in 1923, and to an improved noncontiguous tract of 28 acres in 1928 or 1929, and moved his family upon the latter tract in 1930, and upon which they had continuously resided since; that the two tracts were approximately 700 feet apart; that on June 5, 1931, the defendants in error filed in the office of the county clerk of Tulsa county an instrument wherein they declared that they had selected both of the above-mentioned tracts as their homestead; that the defendants had not cultivated either of said tracts themselves, but had rented all of both of said tracts except a parcel of about 300 x 600 feet on which the dwelling, outbuildings and gardens were located, for agricultural purposes under a written lease for a term of years which provided for cash rental, and that the rental thus received had been used for the sustenance and benefit of the defendants in error and their family; that the plaintiff in error had obtained a judgment against the defendant in error Asa Rose in 1932, which judgment had been

kept alive by execution issued from time to time, and that in 1938, the plaintiff in error caused an execution to be issued under said judgment and levied upon the 5-acre tract above mentioned; that the defendants in error notified the sheriff that they claimed said tract as a part of their homestead and exempt from such levy; that nevertheless the sheriff proceeded to sell said tract to the plaintiff in error; that the motion of plaintiff in error to confirm said sale and objection of the defendants in error thereto and claim of defendants to homestead exemption in said premises were heard and considered together and resulted in a judgment in favor of the defendants in error upon their claim of homestead exemption. This appeal is from said judgment.

The plaintiff in error contends, in substance, that, since the uncontroverted evidence shows that the defendants in error had never resided upon or cultivated the 5-acre tract themselves, but had continuously rented said tract for cash, they were thereby precluded from claiming said tract as a part of their homestead.

Under the Constitution (section 1, art. 12) and the statute (section 1643, O. S. 1931, 31 Okla. St. Ann. § 2) a homestead outside of any city, town, or village may consist of one or more tracts to be selected by the owner where the total does not exceed 160 acres. The right of selection is in the owner (Morey v. James, 118 Okla. 277, 248 P. 594). This right may be exercised at any time the necessity for making such selection arises (Elliott v. Bond, 72 Okla. 3, 176 P. 242); and the question as to whether a tract or tracts have been selected and impressed with the homestead character is a question for the court or jury to determine under the facts and circumstances of the particular case (Orwig v. Cloud, 109 Okla. 299, 233 P. 1085; Kerns v. Warden, 88 Okla. 297, 213 P. 70). As said in the case of Williams, Sheriff, v. Watkins, 93 Okla. 112, 219 P. 643:

"Where more than one tract or parcel of land is claimed as the homestead under section 1, article 12, of the Constitution, the proof must show actual occupancy or express intention to occupy one tract or parcel and facts and circumstances of using the other parcel or parcels or an intention to use the other parcel or parcels in connection with the occupied parcel in the interest and for the benefit of the family."

Since the uncontroverted evidence herein shows that both the tract upon which the defendants in error resided and the tract upon which the levy had been made were used in the interest and for the benefit of the family of the defendants in error, although both were cultivated by a tenant, we are of the opinion that there is competent evidence in the record to sustain the finding of the trial court that both tracts constituted the homestead of the defendants in error. We know of no law which prevents the owner of a rural homestead from cultivating or operating the same through the medium of a tenant and accepting a cash rental in lieu of a portion of the products of the soil. Any other construction, we are of the opinion, would be narrow and contrary to both the letter and spirit of the Constitution and statutes of this state. The judgment of the trial court is supported by the evidence and presents no error of law.

Judgment affirmed.

RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur.