POWELL et al. v. POWELL et al.

No. 30184. Sept. 9, 1941.

*116 P. 2d 889.*

Carpenter & Hadwiger, of Cherokee, for plaintiffs in error.

Hill & Hill, of Cherokee, for defendants in error.

GIBSON, J. This is an appeal by a surviving wife from a judgment of the district court affirming an order of the county court rendered in the matter of a decedent's estate denying her application to set aside as her statutory or probate homestead both of two separate tracts of farm land.

The petitioner will be referred to herein as plaintiff, while the protestants, other heirs of decedent, will be referred to as defendants.

The tracts in question lay approximately two miles apart. One contained 37 acres, the other, 80. At the time of intestate's death and for 20 years prior thereto, he and the plaintiff had resided on the 37 acres. Two or three years after they first occupied the 37 acres deceased acquired the 80. At no time did he farm the latter tract. It was leased separately to tenants for every year except the last, when it was leased with the 37 acres to one tenant. The income from both tracts was usually or always deposited in the bank in one account and checked on generally by deceased for the expenses of himself and the plaintiff. At one time they joined in a mortgage covering the 80 acres. In the briefs we find mention of certain agreements made with the federal government agencies concerning combined crops grown on the two tracts, but the record fails to show that these agreements were in evidence.

The trial court held that the 80 acres constituted no part of the statutory homestead, and plaintiff appeals, asserting that she was entitled to occupy both tracts as such.

The right here claimed by plaintiff arises under section 1223, O. S. 1931, 58 Okla. Stat. Ann. § 311, which provides that upon the death of either husband or wife the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings until it is otherwise disposed of according to law.

The homestead mentioned in the above statute is the probate homestead to be enjoyed by the surviving spouse as distinguished from the constitutional homestead exempted to the owner in his lifetime as head of the family (sec. 1, art. 12, Const.), but, as held in Re Estate of Gardner, 122 Okla. 26, 250 P. 490, "Whatever the homestead, as defined by section 1, art. 12, of the Constitution, may have been at the death of one spouse, the survivor is entitled to possession of all of it as a homestead." The statute says the survivor may continue to possess, etc. This clearly means that the homestead as it existed at the death of one spouse may be possessed by the survivor as the probate homestead. It may not be enlarged. Nor can another be selected.

The Constitution, supra, provides that a rural homestead "shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner." The question therefore is whether the deceased in this case had selected the 80 acres along with the 37 acres as his homestead.

It was held in Williams v. Watkins, 93 Okla. 112, 219 P. 643, that the act of selecting land as a homestead is the constitutional condition to impressing it with the homestead character, and that such selection is evidenced by manifestations of intention, such as "spoken declarations, ownership, possession, occupancy, use in connection with the home place, etc., and where a contest arises over the claim of different parcels or tracts making up the homestead, the facts may be depended upon to reveal

the intent of the selecting mind." The court held further as follows:

"Where more than one tract or parcel of land is claimed as the homestead under section 1, art. 12, of the Constitution, the proof must show actual occupancy or express intention to occupy one tract or parcel and facts and circumstances of using the other parcel or parcels or an intention to use the other parcel or parcels in connection with the occupied parcel in the interest and for the benefit of the family."

Here, the evidence indicated that the income from the 80 acres, the unoccupied tract, was used for the benefit of the family. But that circumstance alone is not sufficient to indicate an intention on the part of the owner to select the 80 acres as part of the homestead. The burden was on plaintiff to show that said tract was used, or intended to be used, not only for the benefit of the family, but also in connection with the 37 acres as a home place. There was nothing in the evidence bearing on the use of the 80 acres that would distinguish it from any other farm land lying separate and apart from the home place of the ordinary landowner. There was no evidence of a satisfactory nature to indicate that it was used in connection with the occupied tract as a home. The trial court was of that opinion, and its judgment was not against the clear weight of the evidence. Trials of this character are equitable in nature, and the trial court's judgment will not be reversed unless the same is against the clear weight of the evidence. In re Miller's Estate, 182 Okla. 534, 78 P. 2d 819.

Plaintiff says the court erred in denying her motion for new trial on the ground of newly discovered evidence.

The statute provides that such motions be sustained by affidavit. Sections 398, 401, O. S. 1931, 12 Okla. Stat. Ann. §§ 651, 654. The plaintiff failed to observe this requirement.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and DAVISON, JJ., concur.