REQUESTED BY: Senator David R. Newell Nebraska State Legislature State Capitol Building Lincoln, NE 68509
Dear Senator Newell:
We have received your letter of August 15, 1984, requesting an opinion from this office regarding the constitutionality of the inclusion of land in the statutes providing for the homestead exemption.
Article VIII, Section 2 of the Nebraska Constitution provides, in pertinent part:
 The Legislature may by general law provide that a portion of the value of any residence actually occupied as a homestead by any classification of owners as determined by the Legislature shall be exempt from taxation. (Emphasis added).
The statutory provisions enacted by the Legislature pursuant to this constitutional authority are contained in Neb.Rev.Stat. §§ 77-3501 to 77-3529 (Reissue 1981 and Supp. 1983). The definition of homestead in § 77-3502 provides, in part:
 Homestead shall mean either (1) a residence or mobile home, and the land surrounding it, not exceeding one acre, in this state actually occupied as such by a natural person who is the owner of record thereof as of January 1 in each year, . . . . (Emphasis added).
Your initial question concerns whether the inclusion of up to one acre of the land surrounding a residence in the definition of homestead in § 77-3502 exceeds the authority granted the Legislature under Article VIII, Section 2 of the Nebraska Constitution, which allows the Legislature to enact legislation to exempt from taxation a portion of the value of `any residence actually occupied as a homestead.'
Generally, the word `residence,' like the word `homestead,' is not interpreted to refer to a dwelling or house alone; rather, it is construed to include all appurtenances, as well as the land surrounding the house which is utilized for a residential purpose. Kerns v. Warden, 88 Okla. 297,213 P. 70 (1923). Ballantine's Law Dictionary, 564 (3d Ed. 1969) defines `homestead' as follows:
 In a popular sense, the place of the home the residence of the family; it represents the dwelling house in which the family resides, with the usual and customary appurtenances, including the outbuildings of every kind necessary or convenient for family use, and the lands used for the purposes thereof. (Emphasis added).
Similarly, Black's Law Dictionary, 660 (5th Ed. 1979) defines `homestead,' in part, as `the fixed residence of the head of a family, with the land and buildings surrounding the main house.'
As was noted Article VIII, Section 2 grants the Legislature authority to enact legislation to exempt from taxation a portion of the value of `any residence actually occupied as a homestead.' Based on the above-cited interpretations and definitions of the terms `residence' and `homestead,' we believe that Article VIII, Section 2 provides the Legislature with the authority to include land within the definition of homestead, provided the use of such land is limited to a residential purpose. It is therefore our opinion that the Legislature has not exceeded the Constitutional grant of authority in Article VIII, Section 2 by including up to one acre of land surrounding a residence in the definition of homestead in § 77-3502.
Having reached the conclusion that land can be included within the definition of homestead enacted by the Legislature pursuant to the authority granted by Article VIII, Section 2, we address your next question, which concerns the extent to which the Legislature could increase the quantity of land under the exemption beyond the present limitation of one acre.
The language of Article VIII, Section 2 clearly expresses an intent to limit the exemption available to anyresidence occupied as a homestead. While the Legislature could conceivably increase the amount of land to be included within the definition of homestead, the land in question would have to be utilized strictly for a residential purpose in order to conform to the requirements of the constitutional provision. In our opinion, the authority granted under Article VIII, Section 2 clearly allows the Legislature to include within the homestead exemption only surrounding land which is residential in character.
Your final question concerns whether the Legislature could amend § 77-3502 by eliminating the one acre limitation and providing for the inclusion of agricultural land within the definition of homestead. As we noted previously, Article VIII, Section 2 clearly limits the Legislature's power to enact legislation exempting from taxation a portion of the value of residences utilized as homesteads. Only land which is residential in nature can be included within the definition of a homestead. Agricultural land, or any other income-producing land or property of a commercial nature, would not fall within the classification of land used for a residential purpose. It is therefore our opinion that Article VIII, Section 2 would prohibit the Legislature from expanding the definition of homestead in § 77-3502 to include agricultural land.
Very truly yours, PAUL L. DOUGLAS Attorney General L. Jay Bartel Assistant Attorney General