MERRITT et al. v. PARK NAT. BANK OF SULPHUR et al.

No. 9593—Opinion Filed Feb. 3, 1920.

(Syllabus by the Court.)

1. **Homestead—Assertion of Right—Burden of Proof.**

The burden of proving the homestead character of land is on the one asserting it.

2. **Same—Sufficiency of Evidence—Issues.**

The record examined, and we find that the evidence is not sufficient to impress the lands involved with a homestead character, and that whether or not plaintiff was an innocent purchaser of the note sued upon could not be heard upon a motion to vacate judgment or upon an objection to confirmation of sale of lands involved.

Error from District Court, Pontotoc County; Geo. C. Crump, Assigned Judge.

Action by the Park National Bank of Sulphur against T. E. Merritt and another upon a promissory note and to foreclose real estate mortgage. Judgment in favor of plaintiff, from which there was no appeal. Defendants brought suit to set aside judgment, which the court refused to do, and from which defendants appeal. Affirmed.

B. C. Wadlington, for plaintiffs in error.

Geo. M. Nicholson, for defendants in error.

HIGGINS, J. The plaintiffs in error will be referred to as defendants, and the defendant in error bank will be referred to as plaintiff, they so appearing in the trial court.

The plaintiff sued defendants upon a promissory note executed by them in the sum of $1,150, and to foreclose a real estate mortgage given to secure payment of the same. The defendants pleaded various reasons why the plaintiff should not recover. The judgment of the trial court was in favor of the plaintiff on both the note and mortgage. There was no appeal from this judgment. The real estate covered by the mortgage was by the sheriff advertised and the return made to the court as by law required. In the meantime, however, the defendants brought a suit to set aside the judgment rendered against them, and when the confirmation of sale came on to be heard, protested against the confirmation. The suit to set aside the judgment and objections to the confirmation, by agreement of the parties, were heard by the trial court at the same time. The court refused to set aside the judgment previously rendered, overruling the objection of defendants to the confirmation, and confirmed the sale, from which judgment an appeal has been taken by defendants to this court.

The first assignment of error is that the court erred in holding that the mortgage in question was not void for the reason that the land covered by it was the homestead of the family, title thereto being in the wife, and the husband not being 21 years of age at the time he joined in with her in the execution of the mortgage. Waiving the question whether or not this issue could be heard in the motion to set aside the judgment or objections to the confirmation of the sale, we will say that if the land in question was not the homestead of the defendants, then it is immaterial whether or not the husband was of age at the time he executed the mortgage, for the reason that the wife could have mortgaged or conveyed the same without him joining therein. The only evidence in the record which would throw any light on the issue whether or not the land involved was the homestead. is a stipulation entered into by the parties to this suit, which is as follows:

"It is further stipulated and agreed by and between the parties hereto that the land in controversy has never been occupied by the defendants before or after the institution of the suit to foreclose, except by tenants."

The burden of proving the homestead character of the lands involved is upon the parties asserting it, which parties in this case are the defendants. Steel v. Robertson,.

75 Ark. 228, 87 S. W. 117; Gillespie v. Fulton Oil & Gas Co., 236 Ill. 188, 86 N. E. 219. In this case the defendants were out of and had never been in possession of the lands involved, and there is no evidence tending to show that they ever intended to reside thereon or that they had made preparation or evinced any intention of so doing. There can be no homestead where such is lacking. McCray v. Miller, 76 Oklahoma, 184 Pac. 781. We therefore find that even though the mortgage to the lands in question was executed by the husband while a minor, that is within itself not a defense to the action to foreclose the mortgage, for the reason that the lands were owned by his wife; and that the same was not a homestead. She could have mortgaged or sold the same without him joining therein.

The next assignment of error is that the court erred in refusing to hear evidence to prove that the plaintiff was not an innocent purchaser of the note. On proper pleadings it would have been permissible to prove such a fact at the time the judgment on the note and mortgage was entered, but this evidence is not a statutory ground to set aside a judgment previously entered and cannot be considered by a court upon an objection to the confirmation of the sale, for if there is merit in this contention, then the matter should have been presented to the trial court at the time the judgment in the main issue was entered.

The judgment of the court below is affirmed.

All the Justices concur.