## HARRIS et al. v. CHEROKEE STATE BANK OF LENAPAH.

No. 10212—Opinion Filed June 7, 1921.

(Syllabus.)

1. **Homestead — Intention to Occupy — Sufficiency of Preparations.**

The mere intention to occupy unimproved lands at some future time, unaccompanied with any overt act of preparation of the land for a home, such as the construction of buildings and making improvements thereon without unreasonable delay, is insufficient to impress the land with the homestead character.

2. **Homestead—Judgment Lien—Subsequent Occupation.**

Where a judgment lien has attached, it cannot be divested by the subsequent occupation of the lands for homestead purposes.

Error from District Court, Nowata County; W. J. Campbell, Judge.

Appeal by Ada Harris and Henry Harris from an order confirming sale of real estate under execution upon judgment in favor of the Cherokee State Bank of Lenapah. Affirmed.

W. H. Vann, for plaintiffs in error.

Schwabe, Raymond & Wedell, for defendant in error.

NICHOLSON, J. In this case the plaintiffs in error, defendants below, objected to the confirmation of the sheriff's sale of certain lands owned by Ada Harris and situated in Nowata county, levied upon under a

judgment in favor of the defendant in error and against the plaintiffs in error.

The only objection urged here is that the lands levied upon and sold, constituted the homestead of plaintiffs in error and were exempt from sale under execution. The parties have proceeded upon the theory that the question involved is properly determinable upon the motion for and objection to confirmation, and, without passing upon the propriety of this procedure, we will consider the questions as raised.

The evidence introduced on the hearing of the motion for confirmation and objections thereto, shows in substance that Ada Harris, one of the plaintiffs in error, was a married woman, but that she and her husband, Henry Harris, were separated; that he was in Colorado; that she lived in Oklahoma, and they had two children, girls, aged 9 and 11 years, who resided with her; that she is a Cherokee freedman, had always resided in Oklahoma, and intended to continue residing here; that the land levied upon and sold was the allotment of Cal Harris, her deceased son, and that she acquired the same by inheritance from him; that the land is unimproved, but she intended to keep it for their homestead, and that she formed this intention after she was dispossessed of her own allotment, it having been sold under foreclosure sale: that she did not reside upon the land, but resided with her mother; that the plaintiffs in error had been in litigation for nearly two years, and had sickness in the family for two years past; that their expenses on account of litigation and sickness had been very heavy, and because thereof she was unable to improve the land; that she intended to move on to said land as soon as she was able to make necessary preparations to live on it; that said land was incumbered by a mortgage of $500, but she intended to pay this mortgage debt.

The evidence fails to show that this land was acquired for a home, or that the intention to occupy the same as a home was accompanied with any overt act of preparation. The mere intention to occupy unimproved lands at some future time, unaccompanied with any act of preparation of the land for a home, such as the construction of buildings and making improvements thereon without unreasonable delay, is insufficient to impress the land with the homestead character. Laurie et al. v. Crouch, 41 Okla. 589, 139 Pac. 304; Hyde v. Ishmael, 42 Okla. 279, 143 Pac. 1044; McFarland v. Coyle, 69 Oklahoma, 172 Pac. 67; McCray v. Miller, 78 Okla. 16, 184 Pac. 781; Merritt v. Park Nat. Bank of Sulphur, 77 Okla. 148, 178 Pac. 232; Johnson v. Johnston, No.

10125 (decided May 24, 1921), 82 Okla.—, 200 Pac. 204.

Furthermore, it is disclosed by the record that the judgment upon which the execution herein was issued was rendered on the 10th day of November, 1916. The plaintiff in error Ada Harris testified that she formed her intention to occupy the land involved as a homestead after she had been dispossessed of her other land in the foreclosure proceedings. The writ of assistance issued in the former action, and under which she was dispossessed, was issued on the 25th day of March, 1918, and served on the 26th day of March, 1918; therefore, the lien of the judgment had attached to the land in controversy long before the plaintiff in error formed her intention of occupying the same as a home. Where a judgment lien has attached, it cannot be divested by the subsequent occupation of the lands for homestead purposes. Northwest Thresher Co. v. McCarroll et ux., 30 Okla. 25, 118 Pac. 352.

Perceiving no error in the record, the order of the trial court confirming the sale is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.