## WEITZ v. RICHARDSON.

No.. 14513—Opinion Filed Nov. 20, 1923.

Rehearing Denied Feb. 12, 1924.

(Syllabus.)

**1. Appeal and Error — Review of Equity Case—Effect of General Findings.**

In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding.

**2. Homestead—Question for Court or Jury.**

Whether a tract of land has been selected and impressed with the homestead character is a question of fact for the court or jury to determine under all the facts and circumstances of the particular case.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by R. S. Richardson against T. T. Weitz. Judgment for plaintiff, and from judgment sustaining garnishment, defendant brings error. Affirmed.

P. Mounts, for plaintiff in error.

Wilson & Roe, for defendant in error.

COCHRAN, J. On June 14, 1921, R. S. Richardson procured a judgment in the district court of Tillman county, Okla., against T. T. Weitz, and on October 12, 1922, procured the issuance of garnishment summons, which was served on the First National Bank of Davidson, Okla., and rents from certain lands belonging to T. T. Weitz, which were on deposit in the bank, were garnished. Weitz filed his motion to discharge the garnishment, alleging that the rents were derived from his homestead,

which he had temporarily rented. This contention was denied, and the issue was tried before the court, and judgment rendered denying the motion to discharge the garnishment and directing that the funds garnished be applied on the judgment in favor of Richardson. From this judgment Weitz has appealed.

The plaintiff in error presents this case on the theory that the land from which these rents were derived was the homestead of Weitz. and, being the homestead, rents derived therefrom were exempt. As we view it, a determination of this question is not necessary or proper here, for the reason that whether the land was a homestead of Weitz was a controverted and disputed fact, and, the finding of the court being general, such finding is the finding of everything necessary to sustain the general finding. Johnson v. Johnson, 82 Okla. 259. 200 Pac. 204.

In Kerns v. Warden, 88 Okla. 297, 213 Pac. 70, we held:

"The question as to whether a tract of land has been selected and impressed with the homestead character is a question of fact for the court or jury to determine under all the facts and circumstances of the particular case."

In Watson v. Manning, 56 Okla. 295, 156 Pac. 184, the court said:

"It is a condition precedent to entitle one to claim a homestead exemption that the property so claimed be owned and occupied by the claimant as his homestead, or used in connection with his homestead. And the same must have been impressed with the character of a homestead, and no other homestead acquired, if the right to temporarily rent the homestead without changing the character of the same be invoked."

In the case at bar, there was testimony tending to show that this land had never been impressed with the homestead character, and there was very convincing testimony that, if it had ever been impressed with the homestead character, it had been abandoned as such. These were questions for the trial court to determine, and, his finding being against the homestead character of the property, and the finding not being clearly against the weight of the evidence, the decision on that question will not be disturbed. Having reached this conclusion, it is unnecessary to determine whether the rents derived from a homestead are exempt.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.