## BOWMAN v. LAMB et al.

No. 11897—Opinion Filed Feb. 26, 1924.

Rehearing Denied April 1, 1924.

### Deeds—Refusal of Cancellation—Judgment Sustained.

Record examined; held, to support the action of the trial court in sustaining the defendant's demurrer to plaintiff's petition seeking to cancel the deed of her husband to certain lands alleged to have been the homestead of the family.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Lessie Bowman against F. F. Lamb et al. to cancel a deed of conveyance executed and delivered by her husband purporting to convey certain real estate alleged to be the homestead. Judgment for defendants on demurrer. Plaintiff brings error. Affirmed.

J. C. Evans and J. H. Stephens, for plaintiff in error.

F. F. Lamb, pro se, Belford & Hiatt, E. T. Noble, and S. O'Bannon, for defendants in error.

Opinion by STEPHENSON, C. Plaintiff for her cause of action alleged that she was married to Geo. Bowman during the minority of the latter, and in the year 1912, in Salt Lake City, Utah. At the time of the marriage the husband was a minor and living with his father, George Bowman, in Salt Lake. The father of George Bowman, with his family, left Oklahoma and resided in the northwest until his death about the year 1914. The plaintiff alleges the land in controversy was the allotment of her husband, George Bowman, and that it was the intention of the plaintiff and her husband to move to Okmulgee and occupy the land as a homestead. The land in question was never occupied by plaintiff or her husband as a homestead. In fact George Bowman had never lived on the land. The plaintiff further alleged while she and her husband were making preparations to move to Oklahoma to occupy the land as a homestead, certain parties came to Salt Lake just as her husband arrived at his majority and induced her husband to execute and deliver deed conveying the property in question to defendants and their grantors, and that

she did not join in the execution of the deed. The defendants filed general demurrer to the petition which was sustained by the court, and the plaintiff appealed the cause to this court, assigning the action of the trial court in sustaining demurrer as error for reversal. The question presented by the appeal is disposed of adversely to her contention by the case of Kerns et al. v. Warden et al., 88 Okla 297, 213 Pac. 70; Johnson v. Johnston, 82 Okla. 259, 200 Pac. 204; Harris et al. v. Cherokee State Bank, 82 Okla. 151, 198 Pac. 878; Hyde v. Ishmael, 42 Okla. 279, 143 Pac. 1044.

These cases fully support the action of the court in sustaining the demurrer to plaintiff's petition, and fully dispense with the need for further discussion of the question presented by this appeal.

Therefore, it is recommended that the judgment be affirmed.

By the Court: It is so ordered.