## INTERSTATE MORTGAGE TRUST CO. v. WEBER et al.

No. 16917—Opinion Filed Sept. 7, 1926.

(Syllabus.)

### Homestead—Mere Intention to Occupy Unimproved Land in Future.

The mere intention to occupy unimproved lands at some future time, unaccompanied with any overt act of preparation of the land for a home, such as the construction of buildings and making improvements thereon, without unreasonable delay, is insufficient to impress the land with the homestead character.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by the Interstate Mortgage Trust Company against Augusta Weber, nee Reinhardt, C. Elmer Weber, and H. W. Reed. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

W. A. Disch and Sams & Raymond, for plaintiff in error.

J. Wood Glass and Floyd A. Calvert, for defendants in error.

PHELPS, J. This cause was originally filed in the district court of Nowata county by plaintiff in error, which was plaintiff below, to enforce its judgment lien against certain real estate belonging to defendants. Defendants claimed the real estate in question to be their homestead and therefore exempt from the judgment lien.

The issues were tried to the court without a jury, and at the conclusion of the trial the court found the land to be the homestead of defendants and, therefore, not subject to the judgment lien of plaintiff. From this judgment the plaintiff appeals, and the single question presented here is whether, under the evidence, the trial court erred in finding that the land in question was the homestead of defendants and not subject to the judgment lien.

There is practically no dispute as to the facts. It appears that the land, aggregating 70 acres, consists of three different tracts, a 40-acre tract, a 20-acre tract, and a 10-acre tract; the 10-acre tract being a part of the allotment of defendant Augusta Weber, she being a Cherokee Indian citizen, and the 40-acre and 20-acre tracts having been inherited by her from her father's estate. This land was owned by Augusta Weber at the time she and defendant C. Elmer Weber were married, 5½ years prior to the trial of the cause. They had never lived on any portion of this land, nor were there any improvements on any of it except a portion of it was fenced and in cultivation, it being leased for agricultural purposes. The defendants had previously owned three residences in the city of Nowata, neither of which they had occupied as a home, but had had financial reverses and lost them under mortgage foreclosure while they were engaged in the oil business and residing in the city of Tulsa.

The defendants both testified that it had been their intention to either build or move a house upon one of the tracts of land and establish their home thereon, and they had taken a contractor to look at the premises with a view to having a house built, but had been prevented from doing so because of lack of finances. Another witness testified that she had heard them discuss improving the property and living upon it. This constituted all of the evidence introduced as to their intention to make their home upon the land.

Defendants in error cite numerous decisions of this and other courts supporting their claim that the land was the homestead of defendants. They also cite numerous decisions of this court holding that whether the land has been impressed with the homestead character is a question of fact for the court or jury, and where such question is submitted to the court the finding of the court will not be disturbed on appeal if the testimony reasonably tends to support the finding and judgment. We are quite familiar with the decisions on these questions and believe the doctrine there enunciated to be very salutary. We are also familiar with the inclination of this and other courts to give a very liberal construction to constitutional and statutory provisions of the law relative to homestead exemptions. We are also mindful of the fact that the object and purpose of the homestead exemption laws of this state is to provide a habitation and sustenance for the family, and they were never intended to be taken advantage of by one who might find himself in unfortunate financial circumstances, and by the assertion of a spurious homestead claim avoid the payment of a debt. Most of the cases cited by defendants in support of their homestead claim deal with the question as to whether the land had been impressed with the homestead character and what it takes to so impress it, but in the instant case there is no claim or contention that the lands had been impressed with the homestead character, further than the expression of their intention to make it their home.

In Laurie v. Crouch, 41 Okla. 589, 139 Pac. 304, this court said:

"The bare intention to create a home on a vacant lot at some future time, unaccompanied with actual occupancy of the lot, is not sufficient foundation upon which to base a claim of homestead exemption against an execution.

"Where there is fixed intention by the owner of a lot to presently occupy it as a home, accompanied with overt acts, which clearly manifest such intention, such as fitting up, building or repairing a house thereon for occupancy, followed by actually moving therein without unreasonable delay, it might have the effect, at least in equity, of impressing the homestead character, so as to render the property exempt as against claims arising prior to actual occupancy by the family."

This rule has been applied to various situations presented to this court in numerous subsequent cases; the court always holding, however, that a bona fide intention is a prime factor, but such intention must be evidenced by such declarations and overt acts as to convince the court of the bona fides of such intention. To be sure, a homestead may be created by intention prior to actual occupancy, but such intention must be accompanied by some overt acts of preparation tending to carry such intention into force and effect. The bare intention alone is not sufficient. Osmon v. Payton, 98 Okla. 194, 223 Pac. 382; Storm v. Garnett, 99 Okla. 284, 227 Pac. 417.

All the evidence in the instant case that defendants intended to make their home on this land was their discussion of the matter between themselves some 18 months or two years prior to the time this claim for exemption was made, together with merely taking a contractor out to look over the premises.

In Harris et al. v. Cherokee State Bank of Lenapah, 82 Okla. 151, 198 Pac. 878, this court, speaking through the present Chief Justice, said:

"The evidence fails to show that this land was acquired for a home, or that the intention to occupy the same as a home was accompanied with any overt acts of preparation. The mere intention to occupy unimproved lands at some future time, unaccompanied with any act of preparation of the land for a home, such as the construction of buildings and making improvements thereon without unreasonable delay, is insufficient to impress the land with the homestead character. Laurie et al. v. Crouch, 41 Okla. 589, 139 Pac. 304; Hyde v. Ishmael, 42 Okla. 279, 143 Pac. 1044; McFarland v. Coyle, 69 Okla. 248, 172 Pac. 72; McCray v. Miller, 78

Okla. 16, 184 Pac. 781, 186 Pac. 1089; Merritt v. Park National Bank of Sulphur, 77 Okla. 148, 187 Pac. 232; Johnson v. Johnston, 82 Okla. 259, 200 Pac. 204."

This authority has subsequently been cited with approval by this court on various occasions.

A careful examination of the record convinces us that the evidence is insufficient to support the homestead exemption claim. The judgment is therefore reversed, and the cause remanded, with instructions to the district court to proceed in accordance with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ.,concur.

Note.—See 29 C. J. p. 801, §46; 13 R. C. L. p. 593; 3 R. C. L. Supp. p. 64; 4 R. C. L. Supp. p. 824.