### FIRST NAT. BANK OF ALLEN v. BURNETT et al.

No. 17346—Opinion Filed March 15, 1927.

(Syllabus.)

1. **Homestead—Abandonment — Intent of Owner.**

When a homestead character once attaches to property, it will continue to be the homestead until the owner voluntarily changes its character by going away from it with the family with the fixed and definite intention of not returning and occupying it as a home or forms such fixed and definite intention after leaving.

2. **Same—Abandonment as Question of Fact.**

Abandonment of a homestead is a question of fact in which the intent of the parties is controlling, and the question as to whether an abandonment of a homestead has taken place or not must be determined by the particular fact and circumstances of each case.

3. **Same—Liberal Construction of Constitution and Laws—Review of Judgment Sustaining Exemption.**

Constitutional and statutory provisions relating to homestead exemption are liberally construed in the interest of the family home, and where real estate claimed as a homestead has been taken under attachment and such attachment has been dissolved upon the grounds that the attached property constituted the homestead of the family, this court will not undertake to weigh the evidence presented, where there is testimony reasonably supporting the finding of the trial court.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the First National Bank of Allen, Okla., against S. C. Burnett, Mattie A. Burnett, and the Lingo-Leeper Lumber Company, a corporation. Judgment for defendants sustaining homestead exemption, and plaintiff appeals. Affirmed.

Robert Wimbish and W. C. Duncan, for plaintiff in error.

I. M. King, John P. Crawford, and Jess S. Bond, for defendants in error.

PHELPS, J. S. C. Burnett and Mattie A.

Burnett were residents of Allen, Pontotoc county, Okla., and for a number of years occupied the real estate forming the basis of this action as a homestead. They removed to Wills Point in the state of Texas, and after being there almost a year the plaintiff. First National Bank of Allen, filed its suit in the district court of Pontotoc county alleging an indebtedness of about $1,600 on two promissory notes. At the time of the commencement of the action, upon affidavit on behalf of plaintiff that defendants were nonresidents of the state of Oklahoma, an attachment writ was issued and levied upon certain town lots which had formerly been occupied as a homestead by the defendants. Plaintiff took steps to obtain service by publication, and defendants returned to Pontotoc county and filed their motion praying that the attachment writ be dissolved and set aside, alleging:

"That these defendants occupied said premises as a homestead for many years and that they have never abandoned same. but that said defendants did in the latter part of March, 1924, temporarily move to Wills Point, Tex., where the defendant, S. C. Burnett, had secured employment with intention to move back to Allen and occupy said home as soon as he could procure employment there."

Testimony was taken upon the motion to dissolve the attachment. and at the conclusion of the hearing thereon the court dissolved the attachment. and in the order dissolving the attachment we find the following statement:

"That the property levied on, to wit. 7 feet of west side of lot 8 and lots 9 and 10 in block 14 of Leader addition to the incorporated town of Allen. Okla., is not subject to attachment; that said property had been designated and used as a homestead by said defendants and that they had never abandoned said home.

"The court further finds that said defendant did in March. 1924, temporarily go to Wills Point, Tex., and that said property had been temporarily rented and that said defendants at the time of renting same intended to move back and occupy said premises as a home and still intend to do so."

Defendants made no defense to the allegations of indebtedness pleaded in the petition, and judgment was rendered against them for the amount sued for, but plaintiff prosecuted their appeal from the order of the court dissolving the attachment, and the sole question here presented is whether the trial court committed reversible error.

The evidence shows that the defendants

occupied the premises in question as a homestead for about 15 years; that the father of S. C. Burnett was advanced in years and was the owner of about 80 per cent. of the stock in the Farmers Union Community Stores at Wills Point, Tex., and. in order to assist him in the management of the business, defendant, S. C. Burnett, took charge of the store· as its manager. The evidence shows, however, that when they left Allen, Okla., defendants attempted to rent their home furnished, but not being able to rent it furnished, removed the greater portion of their household goods with them and rented the home unfurnished, leaving only a few articles of furniture at Allen. The evidence further shows that when they rented their home they told their tenant they intended to remain in Texas only temporarily; that they had never intended to reside there permanently, but had at all times intended to return and again occupy their home.

Apparently all of the testimony introduced by plaintiff tending to show an abandonment of the premises as a homestead was that they had placed an advertisement in a newspaper during their absence offering to sell the property. and that a very short time prior to the filing of this action the county assessor at Wills Point had assessed a poll tax against defendant, S. C. Burnett, but it appears that a few days later Burnett represented to the assessor that he intended to return to Oklahoma and the assessment sheet was withdrawn.

The law in this state is well settled that when a homestead character once attaches to property it will continue to be the homestead until the owner voluntarily changes its character by going away from it with the family with the fixed and definite intention of not returning and occupying it as a home, or forms such fixed and definite intention after leaving it, and the abandonment of a homestead is a question of fact in which the intent of the parties in leaving it is controlling, and whether an abandonment has taken place or not must be determined by the peculiar facts and circumstances of each case. Elliott v. Pond, 72 Okla. 3. 176 Pac. 242.

In Long v. Talley, 84 Okla. 38. 201 Pac. 990, this court had under consideration the question as to whether the homestead had been abandoned and, in the first and second paragraphs of the syllabus, said:

"Any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired.

"The wife may consent to renting the homestead and voluntarily accompany her husband to another state without losing her rights in the homestead, so that the husband can sell it without her consent."

It will be observed that the question of the abandonment of the homestead here was presented under a different state of facts than the instant case. but we see no essential difference in the principle involved.

The question was again before this court in American State Bank of Covington v. Leforce, 95 Okla. 88, 218 Pac. 1073, and Elliott v. Bond, and Long v. Talley, supra. were quoted from and cited with approval, and in the second paragraph of the syllabus this court said:

"The homestead character of the premises being once shown, the burden is on those who seek to subject it to the payment of the debt to show that it has been abandoned as a homestead and is no longer protected from execution."

The question was again before this court in Farmers Exchange Bank of Lindsey v. Cutler, 100 Okla. 193, 229 Pac. 186, under a very similar state of facts to the facts in the instant case, and it was there held that the provisions of law relating to homestead exemption should be liberally construed in the interest of the family home, and that in an application to dissolve an attachment this court will not undertake to weigh the evidence presented when there is testimony reasonably supporting the finding made by the trial court.

Therefore. in the light of the record in this case and the authorities above cited, to which might easily be added many more, we have no difficulty in reaching the conclusion that the trial court committed no error in dissolving the attachment. Indeed, no other just conclusion could have been reached and the judgment is affirmed.

All the Justices concur.

Note.—See under (1) 29 C. J. p. 931, §343; p. 936, §352; p. 943, §362. (2) 29 C. J. pp. 935. 936, §350. (3) 29 C. J. p. 787, §15; p. 993, §468. See under (1, 2) 13 R. C. L. p. 647; 3 R. C. L. Supp. p. 69; 4 R. C. L. Supp. p. 825; 5 R. C. L. Supp. p. 705. (3) 13 R. C. L. p. 547; 4 R. C. L. Supp. p. 823; 5 R. C. L. Supp. p. 61; 6 R. C. L. Supp. 767.