## MOREY et al. v. JAMES.

No. 18717. Opinion Filed Dec. 4, 1928.
Rehearing Denied April 30, 1929.

D. P. Parker, for plaintiffs in error.

Mauntel & Spellman and John Barry, for defendant in error.

HALL, C. The basic facts in this case were stated in the case of Morey v. James et al., when this case was before this court on a former appeal. The former case is reported in 118 Okla. 277, 248 Pac. 594. The material facts are substantially as follows:

In the year 1907, plaintiff in error S. T. Morey purchased a parcel of land, about 120 acres, adjacent to a town known as May, Okla. Morey resided in the town of May. He platted or converted into a town all this 120 acres except 40 acres. This controversy arises over this particular 40 acres, as will be hereinafter noted. In or about the year 1917 or 1918, Morey (plaintiff in error) moved from the town of May to a tract of land containing 320 acres one and one-half miles distant from the 40-acre tract. He had recently purchased this large tract of land from the state of Oklahoma. He moved most of the buildings from his homestead in the town of May to this tract of land, which he had purchased from the state, to wit, the 320 acres. He erected a suitable residence on the southwest 40 acres of this one-half section of land, put 160 acres of it under fence. and moved his family to this place, and has lived there continuously ever since.

At or about the time he moved from the town of May to his country residence, he also constructed a barn or 'small granary and hoghouse on the 40 acres of land adjacent to the town of May, which 40 acres he had previously purchased in 1907. The evidence tends to show that Morey used this 40 acres of land in much the same manner as he used a portion of the other land upon which he actually resided; that is, he used the land for agricultural purposes for the support and maintenance of himself and family, and for their general welfare.

The defendant in error, S. H. James, was a judgment creditor of plaintiff in error; James had previously secured a judgment against Morey for a considerable sum of money—about $2.800. To satisfy this judgment, James (defendant in error) caused an execution to be issued out of the district court, and caused this particular 40-acre tract of land to be levied on. appraised, and sold to satisfy the judgment. The plaintiff in error Morey filed his objections to the

confirmation of sale on two distinct grounds: First, that the 40-acre tract was a part of his homestead; that is, that he had, prior to the levy, selected and used this particular 40-acre tract as a homestead, together with 120 acres of the tract or parcel of land on which his dwelling house was situated. Second, that this 40-acre tract was actually the property of his wife, Adda R. Morey; that this land was bought or purchased with her separate funds. Plaintiff in error testified that he notified the officer who was making the levy that this particular 40-acre tract was a part of his homestead and that he was claiming and intended to claim such. He testified that he informed his attorney to convey the same information to the judgment creditor and to the sheriff's office. The attorney testified that he conveyed the information to the sheriff's office. The undersheriff testified that he had no recollection of this information having been conveyed, and also the officer who levied on the land testified that neither Morey nor his wife made any statement to him concerning any homestead character of the land.

The plaintiff in error Adda R. Morey filed a separate objection to the confirmation of the sale on the second ground set up in the objection of S. H. Morey; that is, she claimed a resulting trust in the property. The cause was tried to a jury, except that part of it which related to the separate claim of Adda R. Morey involving a resulting trust. The court held that the evidence in support of her contention was insufficient to sustain her claim. As to that, we think he was correct.

Counsel for defendant in error contend that, as a matter of law, where a person resides upon a parcel of land containing 160 acres or more, and it is contiguous tract, the person so residing on the land and entitled to a homestead exemption cannot carve out or designate as such homestead only a portion of such body of land containing a full homestead tract, and then make up the difference out of a separate and noncontiguous tract.

We do not agree with that contention. Those particular facts only go to the weight of the evidence in determining whether or not such selection of a homestead had been actually made.

It must be observed that statutes and Constitutions providing for or creating homesteads must be liberally construed in favor of the person claiming the exemption. First

Nat. Bank v. Burnett, 122 Okla. 255, 254 Pac. 95. Under certain conditions and circumstances, it might be entirely reasonable and proper for a person to actually reside on a large tract of land entirely suited for a place on which to dwell or maintain an actual residence, but, by comparison to other noncontiguous land owned by the same party, it might be unsuited to the general purposes of the owner; and it would be entirely reasonable for the owner to select, as his homestead, not to exceed the limitation, as much of his land, whether contiguous or otherwise, as is suited to his particular purpose or industry. In other words, a separate tract of land of the homestead claimant might be very fertile and adapted to growing valuable staple crops, whereas much of the land upon which the owner's residence is actually located, although containing the full number of acres permitted as a homestead exemption, might be poor and unproductive. In such case the owner would likely want to retain as his homestead the best portion of his land. These matters are questions of fact for the court or jury, under the circumstances of each case.

In the trial of this case, the court treated it as an action at law; that is, he treated the exemption claim of plaintiff in error S. D. Morey as a proceeding at law. In this court both counsel for plaintiffs in error and counsel for defendant in error take the position that it was a proceeding purely in equity, and that this court should weigh the evidence and reach its conclusion according to the established rules governing cases of purely equitable cognizance. We do not understand that to be the rule. That part of the case, and the material part of it which was submitted to the jury—the question of exemption claimed by Morey, under the nature of the procedure invoked—presents purely legal questions, unmixed with any principle of equity. Either party was entitled as a matter of right to a trial by jury. That seems to be the rule observed by this court, as disclosed by numerous cases involving, at least indirectly, the question. Some of the recent cases are as follows: Kerns v. Warden, 88 Okla. 297, 213 Pac. 70; Weitz v. Richardson, 101 Okla. 81, 222 Pac. 977; Harris v. Watts, 102 Okla. 36, 226 Pac. 40; Orwig v. Cloud, 109 Okla. 299, 233 Pac. 1085; Garrett v. Getzendander, 115 Okla. 12, 242 Pac. 525.

In Corpus Juris, vol. 29, p. 990, the general rule is stated as follows:

"The existence of facts on which a homestead exemption is predicated is ordinarily

a question for the jury to determine. Accordingly, it has been held that it is for the jury to determine whether the premises have been dedicated or occupied as a homestead. * * *"

We do not say that a party, as a matter of right, would be entitled to a trial by jury when the right sought is by a purely equitable remedy. In this case, a trial by jury was had. This matter, however, only becomes material and relevant by reason of the fact that we think the court's instructions to the jury were erroneous. The court, in instruction No. 3, went into an extensive discussion of the general law of homesteads, a considerable portion of the discussion not being pertinent or directly relevant to the present case. The instruction covered two typewritten single-space pages, and contained extended quotations from the constitutional and statutory provisions, and statements of the law announced in opinions of the courts. The instruction is confusing for more than one reason. Among other provisions, it contains the following language:

"This intention must be followed by acts of preparation to occupy the land as the homestead and followed by actual occupancy and use of the land as a home and homestead within a reasonable time after such intention is formed. In other words, the intention must not be a secret and uncommunicated purpose, but the same must be shown by some unequivocal and overt acts of preparation of a physical character, and, as stated, followed within a reasonable time by **actual residence on the premises and use of the same as a home.**" (Emphasis ours.)

It will be observed that, from the above quoted provision, the jury might have properly inferred that it was necessary for Morey to maintain an actual residence on the particular 40 acres of land before he was entitled to claim it as part of his homestead. The following provision is equally as objectionable.

"The purpose of the homestead law is not to permit debtors to perpetrate a fraud on their creditors, so that the law requires a bona fide intention of the homesteader together with an actual and bona fide occupancy and use of the property as a home and such open and visible evidence as will prevent the use of the homestead right as a shield for fraud."

The last expression, in an abstract sense, is good law; but it must be observed that language often used by courts and textwriters, and addressed to the legal profession, may be, under certain circumstances, improper when that same language is used in an instruction to a jury. For such reason the language used in this instruction impresses us as being argumentative and suggestive of fraud on the part of the homestead claimant, and doubtless without intending such, bolsters up the position of the defendant in error, the judgment creditor.

Instruction No. 4 is a short instruction, and substantially states the law, but in view of the close contest relating to the questions of fact in the case, we cannot say that the jury were not misled by the preceding erroneous instructions.

When this case was before this court on a former appeal, there was a lengthy discussion of the points of law then presented and covering generally the law of homesteads as the same relates to exemptions from forced sale or execution; and it would serve no useful purpose here to enter into a lengthy discussion of the legal principles involved herein.

For the reasons herein stated, the judgment of the trial court is hereby reversed, with instructions to grant a new trial on the first ground of complaint of plaintiff in error S. T. Morey. That part of the judgment of the trial court denying the claim of Adda R. Morey to a resulting trust in the land is hereby affirmed.

BENNETT, REID, FOSTER, DIFFENDAFFER, and LEACH, Commissioners. concur.

By the Court: It is so ordered.