## PRESTON v. OTTAWA COUNTY NAT. BANK.

No. 19253.   Opinion Filed Sept. 17, 1929.

F. W. Church, for plaintiff in error.

Arthur G. Croninger, for defendant in error.

HALL, C. The question involved here is the existence of the homestead right or exemption. Plaintiff in error herein, Mrs. Rosa Preston, was a codefendant in an action in the court below wherein the Ottawa County National Bank was proceeding to foreclose a mortgage executed by the husband of the plaintiff in error, which mortgage covered lots 10 and 11 in block 100 of the city of Miami. The plaintiff in error did not join in the execution of the mortgage.

Plaintiff in error and her husband had lived in Miami a number of years. On their arrival there they purchased the prop-

erty in question, which is also designated as the house at 123 B street. They moved into the property and lived there about one month. In the meantime, they had purchased other and more desirable property, a dwelling house containing eight rooms, on what is styled "C street." The lots on C street and on B street faced opposite directions, and were separated from each other by an alley. They moved into this property located on C street, and lived there eight years. The property on B street which they vacated and which is the property in question, was continuously rented to tenants for these eight years. Mrs. Preston, however, reserved for her own personal use a small house located on the rear of this B street property. She used it for storage purposes. It was distinctly a storage house. The tenants never had the use of it. The residence located on this property contained six rooms.

In the fall of 1926, eight years after Mrs. Preston and her husband had moved away from the B street property, and while living in the C street property, she expressed an intention to her husband, and they to each other, to reoccupy the B street property, or property in question, as a homestead. At that time she moved some additional articles of furniture and personal effects from the house in which they were residing, and where they had been residing for these many years, to the little storage house located on the rear of the B street property. Nothing was moved into the house used as a residence. In fact, the residence was rented and occupied at that time by a man named Grubb. Mrs. Preston went away for quite an extended visit to the state of Indiana. During her absence in Indiana her husband executed a mortgage on the property to the defendant in error. Before she returned to Miami, her husband rented their home or residence (located on C street) to a Mr. Stevens. The husband reserved a room for himself, and his wife after her return. She returned to Miami, and they occupied the room for a short while, and then gave the tenant occupying the property on B street notice to vacate; and after he moved, plaintiff in error and her husband moved into this property, which she claims was her homestead at the time her husband executed the mortgage thereon. The title to the property was vested in her husband.

It will be thus seen that plaintiff in error, Mrs. Preston, claims a homestead in these premises upon two theories: First, that the property had at all times been her homestead during her residence in Oklahoma. Under this theory she claimed that she had never abandoned the property as her homestead. The second theory is that a short while before her husband executed the mortgage on the property in question, she intended to reoccupy and remove to the premises, and evidenced that intention by storing additional household furniture in the small house located on the rear of the premises in question.

The court held, and we think properly so, that at the time her husband executed the mortgage to defendant in error on the property in question, said property was not the homestead of plaintiff in error and her husband. It certainly had none of the characteristics of a homestead, unless the naked intent, coupled with the fact of storing some household goods in a small building located on the alley portion of the property in question, operated to reinvest this property wtih the legal characteristics of a homestead.

It is unnecessary to go into any extended discussion of the law relating to the creation of homesteads and homestead rights. This field of law has been thoroughly developed. The questions presented in this case were definitely settled by this court in the cases of Johnson v. Johnston, 82 Okla. 259, 200 Pac. 204; Watson v. Manning, 56 Okla. 295, 156 Pac. 184; Bouse v. Stone, 65 Okla. 5, 162 Pac. 479; McCray v. Miller, 78 Okla. 16, 184 Pac. 781, 186 Pac. 1089; and Greenwood v. Wilkinson, 124 Okla. 300, 256 Pac. 46.

A casual glance at these cases will convince the reader that a person cannot claim two homesteads at the same time. In fact, that is the language of our Constitution. Section 1, art. 12, thereof provides that any temporary renting of the homestead shall not deprive it of its homestead character, **when no other homestead has been acquired.** A person cannot possess two homesteads at the same time, any more than he can possess at the same time two domiciles. In the case of McCray v. Miller, supra, this court held that the legal significance of the word "homestead" is the same as its popular meaning; that is, the common acceptation of the term means the residence of the family— the place where the home is—and that it was used in that sense in our Constitution. Therefore, when Mrs. Preston and her husband moved away from the property in question to their other property located on C street, that property on C street became their homestead. It was their home; and the fact that she retained exclusive possession of a small house, habitable or uninhabi-

table, subordinate to the principal building, although located on the lots in question, did not create for her an additional homestead, especially in view of the fact that her husband leased or rented this property, that is, the premises and building, for occupancy as a home for other persons. Except the small building used for storage purposes, the property in question was not used by plaintiff in error as an adjunct, or as a part of her homestead; and the case falls clearly within the rule and holdings in the cases of Watson v. Manning, Bouse v. Stone, and the case of Blair v. Park Bank & Trust Co., by the Texas Court of Civil Appeals, 61 Civ. App. 441, 130 S. W. 718. In the case of Watson v. Manning, supra, it was held that:

"One who owns three adjoining lots, upon one of which is a building formerly occupied and used by him as a residence and store, and who built and occupied as a residence a house on another of said lots, and for several years rented out the first building occupied by him as a home, which at the time that an execution is levied thereon is occupied as a home and store by his tenant, cannot successfully claim that said property so occupied by his tenant is a part of his homestead and exempt from levy and sale under execution."

In the case of Blair v. Park Bank & Trust Co., supra, a constitutional provision similar to ours was construed, and the court made the point clear that in determining the question of whether property located upon additional lots or adjoining lots to the residence of the homestead can be claimed as a homestead, the principal use to which the other property is put, must be looked to in determining whether or not it should be protected as a part of the homestead. In that case, the small building which was held not protected as a part of the homestead, was used for a short time by the husband as a cigar factory, and was occasionally used for storing household furniture at such time as the homestead claimant was unable to secure a tenant therefor.

In the present case, on the property in question there was a six-room house, and the premises contained all the accessories for a complete residence, and was occupied as a home for eight years by the tenants of plaintiff in error, or her husband, which tenants had exclusive control of the premises, except the small storage house located in the rear.

Regarding the other specific point, that the property in question was reinvested with the homestead characteristics, the case is governed by the cases of Johnson v. Johnston and Greenwood v. Wilkinson, supra; and we are of the opinion that the trial court was correct in holding that no such overt acts were shown as would justify the conclusion that, prior to the execution of said mortgage on the property by Mr. Preston, the plaintiff in error had abandoned her homestead on C street and had reinvested the property on B street with a homestead character.

We fully appreciate the contention of plaintiff in error that the statutory and constitutional provisions providing for the creation of homesteads must be liberally construed in favor of the person claiming the exemptions and homestead rights and privileges. Such was the express holding of this court in the cases of First National Bank v. Burnett, 122 Okla. 255, 254 Pac. 95, and Morey v. James, 136 Okla. 174, 276 Pac. 707. However, a liberal construction of a constitutional provision in favor of the homestead claimant cannot be made the means of defeating a positive law and rule fully established by former judicial precedents. At the time plaintiff in error expressed her intention of impressing the property in question with a homestead character, she did nothing more than form an intent to so occupy the premises, except to do what she had been doing for eight years—store some additional personal belongings in the little outhouse on the alley portion of the premises. In doing this the occupancy of the tenant, Mr. Grubb, was not disturbed. He continued for some considerable time thereafter to make that his home and place of abode.

The views set forth in this opinion are based upon the theory that the court accepted as true, without reservation, Mrs. Preston's testimony, in connection with the surrounding circumstances in the case. In rendering judgment, the court made the following pertinent remarks:

"The court is duly appreciative of the fact that the question presented in this case is one which, when presented, is always difficult of determination, for the simple reason that in a large measure one must reach a decision from the deductions drawn and conclusions arrived at from the acts and conduct, manifesting the intention of the parties, aided by the surrounding facts and circumstances, as they are found to exist, rather than from direct and positive testimony. Fortunately, the question presented is, in no sense, new or novel and the courts of broader experience, greater wisdom and clearer insight into matters of this nature, realizing the difficulties encountered, have been care-

ful and thoughtful enough to establish clear and definite rules to aid in the weighing and measuring of the facts and circumstances as they may be developed, from the testimony in each individual case of this character."

Finding no error in the proceedings, the judgment of the trial court is hereby affirmed.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.