## ENOSBURG FALLS SAVINGS BANK & TRUST CO. v. McKINNEY.

No. 24330. Jan. 29, 1935.

Withdrawn, Corrected, Refiled and Rehearing Denied May 21, 1935.

signed to the plaintiff. Thereafter, default having been made in the payment of the note, suit was instituted against the defendants and others, judgment rendered, the mortgaged land sold and the amount credited on the judgment. In 1932 the plaintiff filed its praecipe for execution for the deficiency, and the execution was issued. The sheriff levied on 150 acres of land in Johnston county, and proceeded to offer it for sale. On April 25, 1932, the defendant Mildred McKinney filed her application to suppress the execution, alleging in substance that the property levied upon was her homestead and therefore exempt. A temporary restraining order was issued and the sale withheld and the parties proceeded to trial to the court without the intervention of a jury.

With certain immaterial exceptions there was practically no controversy over the facts, which appear to be as follows: Mildred McKinney is the wife of Ben A. McKinney. They have two children, aged 20 and 6 at the time of trial. The land levied on is in Johnston county and was allotted to her as a member of the Choctaw Tribe of Indians many years ago. She has always claimed it as a homestead and has kept it as a place for a future home for herself and children; it is not now nor has it ever been incumbered; it is not improved for the reason that she did not have the money to improve it satisfactorily; that at all times she has used the rentals from the place for the purpose of supporting herself and her two children, and that during the past six or seven years it has not produced a greater return than $25, and during this period the place was not fit for occupancy. Mrs. McKinney has, during all of her married life (since 1910), lived in Bryan county, and she, with her husband and children, live in Colbert, Bryan county, in a house owned by them, the title to which is in her name. Both are and have been registered voters in Bryan county for at least eight years. Ben McKinney runs a filling station in Colbert, which they owned at the time they purchased the property in Colbert. Mrs. McKinney testified that it was not her intention to live on the property in Johnston county until she had educated her children.

The trial court found that the land in Johnston county was the homestead of Mildred McKinney, and concluded as a matter of law that she was entitled to its exemption. The court thereupon entered an order making the injunction permanent, and it

Earl Bohannon, Lacy A. Goodrich, and Lawrence & Lawrence, for plaintiff in error.

MacDonald & MacDonald, for defendant in error.

PER CURIAM. The facts in this case are that in 1924 the defendants executed a note secured by a mortgage which was as-

is to reverse this judgment that the plaintiff appeals.

It is not contended that the defendant ever lived on the premises claimed by her as a homestead, but it is her contention that since she has always had the intention of doing so at some future time, such intention is sufficient, and in this connection she lays stress on the purposes of the homestead laws and bespeaks for them a liberal construction.

Both the Constitution and the statutes are silent as to the time and manner of selecting a homestead, and therefore it has been held by this court that the question of a selection sufficient to impress the homestead character on property without actual occupancy thereof as a home must depend on the facts and circumstances in evidence in each case. MacDonald v. Miller, 77 Okla. 97, 186 P. 957; Weitz v. Richardson, 101 Okla. 81, 222 P. 977; Morey v. James, 136 Okla. 174, 276 P. 707. In considering and deciding the many cases involving homesteads, this court has laid down certain general rules which have now become principles of law, and which must be applied in the determination of cases under consideration.

While the constitutional and statutory provisions relating to homesteads are to be liberally construed in the interests of the family home (Illinois Life Ins. Co. v. Rogers, 61 Okla. 43, 160 P. 56; Farmers Exchange Bank of Lindsay v. Cutler, 100 Okla. 193, 229 P. 186; First National Bank of Allen v. Burnett, 122 Okla. 255, 254 P. 95; Morey v. James, 136 Okla. 174, 276 P. 707; Preston v. Ottawa County National Bank, 138 Okla. 133, 280 P. 581; Clay v. Brown, 161 Okla. 221, 17 P. (2d) 378), such liberal construction cannot be made the means of defeating a positive rule fully established by former judicial precedent. Preston v. Ottawa County National Bank, supra.

It is true that under the Constitution and statutes a homestead may be acquired without actual occupation, but it is now well settled that in the absence of actual occupancy two things are necessary to impress the land with the character of a homestead so as to exempt it from creditors. First, there must be a fixed intention to make a home on the property evidenced by overt acts of preparation in the erection of improvements and in the preparation of the land for a home; and, second, the actual occupancy of the land, or an attempt in good faith to do so, must follow the overt act of preparation without unreasonable delay.

Davis v. First State Bank of Idabel, 65 Okla. 211, 166 P. 92; Sharpe v. Wright, 88 Okla. 16, 211 P. 70; Osmon v. Payton, 98 Okla. 194, 223 P. 382; Storm v. Garnett, 99 Okla. 284, 227 P. 417; Interstate Mortgage Trust Co. v. Weber, 121 Okla. 185, 249 P. 150; Jefferson v. Henderson, 140 Okla. 86, 282 P. 677.

The defendant in this case by her evidence has established only that she intends, at some future time, to actually occupy the premises in Johnston county as her home, but mere intention to occupy unimproved lands at some future time unaccompanied by any acts of preparation of the land for a home, such as the construction of buildings and the making of improvements thereon without unreasonable delay, is insufficient to impress the land with the homestead character. Laurie v. Crouch, 41 Okla. 589, 139 P. 304; Hyde v. Ishmael, 42 Okla. 279, 143 P. 1044; McFarland v. Coyle, 69 Okla. 248, 172 P. 67; McCray v. Miller, 78 Okla. 16, 184 P. 781; Merritt v. Park National Bank of Sulphur, 77 Okla. 148, 187 P. 232; Johnson v. Johnston, 82 Okla. 259, 200 P. 204; Harris v. Cherokee State Bank of Lenapah, 82 Okla. 151, 198 P. 878; Interstate Mortgage Trust Co. v. Weber, 121 Okla. 185, 249 P. 150; Greenwood v. Wilkinson, 124 Okla. 300, 256 P. 46; Jefferson v. Henderson, 140 Okla. 86, 282 P. 677; McKoy v. Keel, 161 Okla. 258, 18 P. (2d) 277.

The intention of the parties may be evidenced either by expressions of intention or by acts which indicate intention. At times expressions of intention and acts which indicate intention are in harmony with each other, but at other times they are at variance. When the latter case is presented, the positive acts of the parties are more indicative of their real intentions than mere expressions, particularly when such acts are of a continuing nature and are more consistent with the attitude of the normal person under the same circumstances.

So, in the instant case. For many years Mrs. McKinney has expressed an intention to improve and occupy the property in Johnston county as a home, but quite some time ago, and at a time when her husband was engaged in running a filling station which they own in the town of Colbert, she purchased a home at that place, where they have lived ever since. Such acts negative and contradict the expressed intention of selecting the Johnston county property as a homestead. We do not mean to say that the mere occupancy of the Colbert property as

a home without a fixed intention to claim it as a homestead impresses that property with the homestead character, but we do hold that where, in contradiction of the oral declarations to make a tract of rural land a homestead, the owner thereof purchases and makes the family home upon another and different tract located within a city, village, or town in no way connected with or used in conjunction with the first tract, the homestead character is not impressed upon the land first mentioned. Foster v. Vickery, 111 Okla. 231, 239 P. 141; Greenwood v. Wilkinson, 124 Okla. 300, 256 P. 46; Preston v. Ottawa County National Bank, 138 Okla. 133, 280 P. 581.

Under the law as herein announced there are no facts reasonably tending to support the findings of the trial court, and in the absence of any evidence reasonably tending to support the findings of the court, such findings and the judgment thereon will be set aside on appeal. McKoy v. Keel, 161 Okla. 258, 18 P. (2d) 277.

The judgment of the trial court is therefore reversed and the cause is remanded, with directions to vacate the permanent injunction heretofore entered against the sale of the property.

The Supreme Court acknowledges the aid of Attorneys R. A. Barney, M. L. Holcombe, and J. I. Howard in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. R. A. Barney, and approved by Mr. Holcombe and Mr. Howard, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

---

WELCH, J. (dissenting). I think the majority opinion gives no sufficient consideration to the detailed findings of fact by the trial court. Upon those findings, the trial court concluded and found that this land was and had for many years been impressed with the homestead character, and that this was well known to the creditor before proceeding with the effort to subject this land to the payment of its claim based on a deficiency judgment. I think the judgment merits affirmance. Nor do I agree that the syllabus states the correct rule of law in paragraphs 3, 4, and 5.

I therefore dissent.